**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| DONNA LYNN SIMS, | : | |
| Claimant | : | |
| | : | |
| v. | : | CASE NO. 3:11-CV-82-CDL-MSH |
| | : | Social Security Appeal |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| _____ | : | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's applications for a period of disability and disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in

reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority

---

[1]  Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

given in the Social Security Act.  20 C.F.R. § 404.1 *et seq.*

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## Administrative Proceedings

Claimant Donna Lynn Sims (hereinafter referred to as "Claimant") filed an application for a period of disability and disability insurance benefits in February of 2008 and alleged therein an onset of disability of May 7, 2007.  Claimant was last insured for

disability insurance benefits on Dec. 31, 2008 (Tr. 119).  In her application Claimant alleged disability to work as a result of osteoarthritis and a pinched nerve. (Tr. 111-112, 126, ECF No. 12).   Her claim was denied initially and after being denied on reconsideration, Claimant sought a hearing which was conducted on May 19, 2010. (Tr. 30-59, 71-75).  At the hearing, Claimant was represented by her attorney and testified (Tr. 4-21) as did her husband, Ernest Sims (Tr. 21-24) and J. Douglas Brooks, a vocational expert (hereinafter referred to as "VE"). (Tr. 24-27).  The administrative law judge (referred to herein as "ALJ") issued her decision on June 4, 2010, denying Claimant's claim finding that Claimant had failed to carry her burden of proof at Step 2 of the sequential analysis that Claimant suffered from any severe impairments. (Tr. 16-25.)

Claimant was 50 years old on the date of the decision and has an 11th grade education with past relevant work as a machine operator, leather cutter, window builder and caregiver. (Tr. 16-29, 111, 127-139).  In her "unfavorable" decision, the ALJ found that Claimant had not worked since her alleged onset of disability date of May 7, 2007, and had medically determinable impairments of osteoarthritis in her hands, chronic obstructive pulmonary disease (COPD), obesity and depression but found that none of the medically determinable impairments prevented her from performing basic work activities for 12 consecutive months. (Tr. 21.)  As such, the ALJ determined that Claimant was not disabled to work and denied her claim for disability insurance benefits. Claimant's timely

request for review was also denied by the Appeals Council (Tr. 1-5) and a complaint seeking judicial review was brought pursuant to 42 U.S.C. 405(g).

## ISSUES

I.   **Whether the ALJ erred in failing to follow the "slight abnormality" standard in finding that Claimant's arthritis and fibromyalgia were not severe.**

II.  **Whether the ALJ erred in failing to comply with SSR 96-7p by ignoring various witnesses' statements regarding Claimant's limitations.**

## DISCUSSION

I.   **Whether the ALJ erred in failing to follow the "slight abnormality" standard in finding that Claimant's arthritis and fibromyalgia were not severe.**

Claimant first argues that the ALJ erred in failing to utilize the proper standard in determining that her arthritis and fibromyalgia were not severe impairments. (Cl.'s Br. 4, ECF No. 14.) Claimant bears the burden of proving that she is disabled. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1512(a), (c); *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (accepting that the claimant bears the burden of proving that she is disabled and producing evidence in support of her claim). Claimant's subjective complaints alone are insufficient to meet her burden. Her subjective complaints must be supported by evidence that establishes both the existence of an alleged impairment and that the alleged impairment causes limitations on Claimant's ability to perform basic work activities. *See* 42 U.S.C. § 423(d)(5)(A) and 20 C.F.R. § 404.1529(a). Here, the ALJ found that Claimant proved that she had medically determinable impairments but

failed to prove that any of the medically determinable impairments, alone or in combination, limited her ability to work.

Basic work activities are described in 20 C.F.R. 404.1521(b)(1) and include such normal job related actions as walking for certain periods of time, the ability to sit upright, lift specified weights when required, push or pull, and reach and carry objects within ranges of weight for certain distances or specified periods of time. In order for a medically determinable impairment to be severe it must have functionally limiting effects on the individual's ability to carry out these types of basic work activities. (*Id.*) Claimant's impairments alone "d(o) not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart,* 405 F.3d 1208, 1213 (11th Cir. 2005).

> SSR 96-3p states that:
>
> [a]t step 2 of the sequential evaluation process, an impairment or combination of impairments is considered "severe" if it significantly limits an individual's physical or mental abilities to do basic work activities; an impairment(s) that is "not severe" must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.

Here, the ALJ found that the Claimant failed to prove that she could not perform basic work activities as a result of her medically determinable impairments. (Tr. 21-25.) In deciding that Claimant's impairments were not proven to limit her work ability, the ALJ thoroughly reviewed and discussed the assessment of Claimant by an examining physician, Dr. Palghat V. Mohan. (Tr. 21-24.) The medical record reveals that in his

6

November 25, 2008, examination, Dr. Mohan could find no objective evidence of any physical limitations on Claimant's ability to work and could not find any functional impairment of Claimant's upper extremities, including her hands. (Tr. 336-340). The ALJ also noted that Dr. Mohan's clinical findings established no deficiencies in neuromuscular or spinomuscular response and no sensory, reflex or pulse deficiencies. (Tr. 24.) Claimant presented with a normal range of motion in both her hands and her fingers and had "full grip and pinch" strength with both hands as well as full strength in her arms and legs. (Tr.338-339). Dr. Mohan determined that Claimant had fine motor skills within a normal range and appropriate gross coordination. Her range of motion in her neck, back, elbows, shoulders, forearms, wrists, knees, ankles, hips and feet were also normal as was her gait and station, permitting her to walk without any assistive devices. (Tr. 337-338). Nothing at all that would limit or impair Claimant's ability to perform the basic activities of work was found to be clinically and objectively present other than a slight abnormality in her supine straight leg raise. (Tr. 337).

The ALJ also fully considered the medical evidence of record of Claimant's treating physician, Dr. J. Michael Cobb. Reviewing the longitudinal record of Dr. Cobb's treatment of Claimant, the evidence shows that from July 2006 to June 2007 no pain was assessed by Dr. Cobb in Claimant's back, hands or feet. (Tr. 243-250). There was a single anecdotal mention of pain by Claimant in July 2007 as a result of caring for her infirm mother but by December of 2007, Dr. Cobb noted a decrease in back pain (Tr. 244) and in subsequent clinical presentations of January, February, May and September

7

of 2008, no pain was noted in Claimant's back, hands or feet and there is no mention in the record of any further pain complaints by Claimant to Dr. Cobb.  This single and apparently isolated episode of possible back strain with pain which resolved with conservative treatment cannot meet the requirement that a medically determinable impairment be present for a period of at least twelve consecutive months. See *Barnhart v. Walton,* 535 U.S. 212 (2002).

Although Dr. Cobb submitted a functional assessment which included limitations which Claimant contends would preclude her from work, the report is not timely. (Tr. 451-453). It is dated May 10, 2010, and Claimant was last insured for purposes of obtaining disability insurance benefits on December 31, 2008, over sixteen months before the report was made.  It is not evidence of the extent of Claimant's disability to work during the relevant time period in her current application. While the report does include a diagnosis of fibromyalgia none of Dr. Cobb's treatment notes from July 2006 through September 2008, contain or even reference fibromyalgia and any limitations as a result of fibromyalgia in May of 2010 are not relevant evidence upon which Claimant may rely in meeting her burden of proving that she was disabled to work prior to December 31, 2008.

While Claimant additionally asserts that records from Barrow Regional Medical Center and St. Mary's Hospital prove her inability to work during the period for which she was insured for purposes of disability benefits, the records are characterized by subjective complaints, none of which are corroborated by objective medical evidence or clinical testing and contain no reference whatsoever to any functional limitations on

Claimant's ability to perform the elemental functions of work. All were treated conservatively with common medication and required neither surgeries nor physical therapy or follow-up consultations with a primary care physician or specialist.

Claimant contends also that she has depression of such severity as to preclude her from working. A review of the treatment notes of Dr. Cobb and Claimant's own testimony (Tr. 46) fail to prove that whatever depression Claimant may have experienced was severe (Tr. 24-25).  The ALJ did not find the evidence sufficient to characterize Claimant's depression as severe and was correct. 20 C.F.R. 404.1520a(d)(1).  A review of Claimant's medical history of depression or other mental limitations by David Williams, Ph.D., established its non-severe nature and was adopted by the ALJ (Tr.24).

Claimant has failed to establish that the ALJ erred in making her determination regarding the limitations her impairments place on her ability to work.  Thus, the ALJ's decision in that regard should be affirmed.

## II.    Whether the ALJ erred in failing to comply with SSR 96-7p by ignoring various witnesses' statements regarding Claimant's limitations.

Claimant next argues that the ALJ failed to comply with Social Security Regulation ("SSR") 96-7p when he ignored various witnesses' statements regarding her limitations.  (Cl.'s Br. 5.)  Specifically, she argues that the ALJ violated SSR 96-7p by failing to provide any reason for rejecting the testimony of her husband, Ernest Sims. (*Id.*)  SSR 96-7p, which deals with assessing the credibility of an individual's statements regarding her impairments, states, in relevant part, that in so determining:

9

>the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.
>
>. . .
>
>other sources may provide information from which inferences and conclusions may be drawn about the credibility of the individual's statements. Such sources may provide information about the seven factors listed in the regulations and may be especially helpful in establishing a longitudinal record. Examples of such sources include public and private agencies, other practitioners, and nonmedical sources such as family and friends.

In this case, the ALJ did consider the testimony of Claimant's husband as evidenced by her reference to said testimony in her decision. (Tr. 23.) The opinion evidence from her husband as well as the Claimant's own testimony and the medical record belie her subjective allegations of pain. Mr. Sims, who receives monthly disability benefits himself, testified that Plaintiff "lays down a lot." (Tr. 54-55). However, Claimant's report of daily activity details her ability to function well, including the ability to lift up to 15 pounds and walk one-eighth of a mile without resting (Tr.177). As such, the court finds no error as to this claim.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED. Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 25th day of January, 2012.

> S/ Stephen Hyles  .
> UNTED STATES MAGISTRATE JUDGE